IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WARDELL MOORE | § | |
| v. | § | CIVIL ACTION NO. 9:10cv156 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Wardell Moore, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of disciplinary action taken against him during his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Moore complained of a disciplinary case in which he received 30 days of cell and commissary restrictions and 30 days of contact visitation restrictions, but lost no good time. He acknowledged that he was ineligible for release on mandatory supervision in any event. Moore also indicated that he believed that he was the victim of retaliation.

After review of the pleadings, the Magistrate Judge issued a Report on October 27, 2010, recommending that the petition be dismissed because Moore did not show the infringement of a constitutionally protected liberty interest. The Magistrate Judge also recommended to the extent that Moore's retaliation claim was separate and apart from his challenge to the disciplinary proceeding, this claim be dismissed because Moore wholly failed to meet the requirements of a retaliation claim.

Moore filed objections to the Magistrate Judge's Report on November 4, 2010. In his objections, he says first that he never received a copy of the disciplinary case and no investigation

1

was done, which he says "clearly shows a due process violation." As for the retaliation claim, Moore says that he asks that the court "invoke its authority under Heck v. Humphrey, 512 U.S. 477 (1994)" and entertain his retaliation claim.

As the Magistrate Judge explained, the operative interest involved in the existence of a liberty interest is the nature of the deprivation. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). The deprivations imposed upon Moore as a result of the disciplinary case complained of did not exceed his sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nor did they impose atypical or significant hardships upon him in relation to the ordinary incidents of prison life. *See* Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Moore offers nothing to show that the deprivations imposed upon him deprived him of a constitutionally protected liberty interest, and so his objection on this point is without merit.

Moore also asks that the Court "invoke its authority under Heck v. Humphrey" and consider his retaliation claim. In Heck, the Supreme Court said that in order to recover damages in a Section 1983 lawsuit, a plaintiff seeking damages for an allegedly unconstitutional conviction or imprisonment must show that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-87. Moore fails to show that this decision has any relevance in the present case; for one thing, he does not allege that the disciplinary case of which he complains has been reversed or otherwise overturned. Nor does he offer anything to show that the Magistrate Judge erred in determining that his retaliation claim wholly fails to meet the elements of such a claim, as set out by the Fifth Circuit. Moore's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, together with the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Wardell Moore is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **9** day of **November, 2010.**

_____
Ron Clark, United States District Judge